# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LEWIS THOMAS,<br><br>          Plaintiff,<br><br>     v.<br><br>DULEY,<br><br>          Defendant. | CASE NO. 1:07-cv-00741-AWI-DLB (PC)<br><br>FINDINGS & RECOMMENDATIONS RE DISMISSAL OF COMPLAINT FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 13)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.     Screening Order**

Plaintiff Jerry Lewis Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on May 21, 2007. (Doc. 1.) Plaintiff moved to amend and filed an amended complaint on December 7, 2007. (Doc. 11.) On March 10, 2008, the Court dismissed Plaintiff's Amended Complaint with leave to amend. (Doc. 12.) On March 17, 2008, Plaintiff filed a "First Amended Complaint," which the Court treats as a second amended complaint. (Doc. 13.) Plaintiff's second amended complaint is presently before the Court for screening.

**A.     Screening Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which apply to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.      Summary of Plaintiff's Second Amended Complaint and Discussion**

Plaintiff is currently a state prisoner at Kern Valley State Prison ("PVSP") in Delano, California. Plaintiff was formerly imprisoned at California Substance Abuse Treatment Facility at Corcoran, California, where the acts he complains of occurred. Plaintiff names as defendant Ms. Duley.

Plaintiff alleges that he was not paid for his work as lead porter for June 19, 2001, July 18, 2001, and August 15, 2001. Plaintiff alleges that Ms. Duley failed to submit Plaintiff's time sheets on time. Plaintiff received a full grant of his prison appeals, but has not received any payment. Plaintiff seeks monetary damages. (Doc. 13, p. 3.)

Plaintiff names as defendant Ms. Duley, but fails to link defendant Duley to any act or omission that is actionable under section 1983. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the United States Constitution or federal law. Long v. County of Los

Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Failure to file time sheets in a timely manner is not a deprivation of rights secured by the Constitution or federal law.  Plaintiff thus fails to state any cognizable claim upon which relief may be granted under section 1983.

## II.   Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief may be granted.  Given the deficiencies with Plaintiff's complaint, the Court recommends that Plaintiff not be given leave to amend.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 16, 2008**          /s/ **Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE